**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4273**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELBY DEVONTA BENJAMIN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-00-200)

─────────────

Submitted:  October 19, 2005        Decided:  November 14, 2005

─────────────

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Robert L. McClellan, J. Marshall Shelton, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kelby Devonta Benjamin pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute in excess of fifty grams of crack and a quantity of cocaine powder, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 360 months in prison. Benjamin now appeals, contending that the district court erred when it denied his motion to withdraw his guilty plea and that his sentence violates the Sixth Amendment. Although we affirm Benjamin's conviction, we vacate his sentence and remand for resentencing in accordance with United States v. Booker, 125 S. Ct. 738 (2005).

I

Between 1996 and 2000, Benjamin was a cocaine and crack dealer in Norwood, North Carolina. At his Fed. R. Crim. P. 11 proceeding, he admitted that he was guilty of distributing cocaine and more than fifty grams of crack. His presentence report calculated that he was responsible for 2.6611 kilograms of crack and 108.0103 kilograms of cocaine powder, for a base offense level of 38. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1998). Two levels were added for each of the following: firearm possession, see USSG § 2D1.1(b)(1); being an organizer or leader of a criminal activity involving fewer than five participants, see USSG § 3B1.1(c); and obstructing justice, see USSG § 3C1.1.

- 2 -

Benjamin's total offense level was 43,[1] his criminal history category was III, and his resulting guideline range was life.

Benjamin objected to the calculation of his base offense level, conceding responsibility for only seventeen kilograms of cocaine powder. He further objected to the firearm enhancement, the role adjustment, and the denial of a reduction for acceptance of responsibility. He also complained about the calculation of certain criminal history points.

The district court heard testimony at sentencing from Samuel Paul Bennett, who had sold crack for Benjamin, and from Benjamin. Benjamin testified that from the end of 1997 through 1999, he sold both crack and cocaine powder. The amount of drugs that he admitted selling would result in base offense level 34.

The district court found that Benjamin was responsible for a drug quantity exceeding 1.5 kilograms of crack, for an offense level of 38. The court sustained Benjamin's objection to the firearm enhancement but overruled his objections to the enhancement for role in the offense and the denial of a reduction for acceptance of responsibility. The court enhanced Benjamin's offense level by two levels for obstruction of justice. Thus, Benjamin's offense level was 42. The court also overruled the objection to the criminal history category. With a total offense

_____

[1]If the offense level is greater than 43, the guidelines instruct that the offense level is to be treated as level 43. USSG § 5A, comment. (n.2).

level of 42 and a criminal history category of III, Benjamin's guideline range was 360 months to life. The court sentenced him to 360 months in prison.

                                    II

Benjamin claims that the district court erred when it denied his motion to withdraw his guilty plea. In support of the motion, Benjamin asserted that his right to effective assistance of counsel was compromised because his attorney also represented a codefendant. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Bowman, 348 F.3d 408, 416-17 (4th Cir. 2003), cert denied, 540 U.S. 1226 (2004).

The central factor in deciding a motion to withdraw a plea is whether the Rule 11 proceeding was properly conducted. Id. at 413. Here, we note that the transcript of Benjamin's Rule 11 proceeding reveals full compliance with the Rule.

Additionally, the six factors identified in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), weigh against Benjamin. Benjamin never has asserted that he is innocent of the charge. He waited over two years to attempt to withdraw his plea. Permitting withdrawal of the plea would tax the Government and burden the district court, both of which have spent considerable time on this case. Benjamin represented at his Rule 11 hearing that he was satisfied with his attorney's services. Finally, there

is no credible evidence that the guilty plea was not knowing or voluntary. We conclude that there was no abuse of discretion in the denial of the motion to withdraw the plea.

III

Benjamin contends that the district court violated the Sixth Amendment under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), when it assigned base level 38 based upon the judge-determined fact of the amount of drugs for which he was accountable and increased the offense level based upon his role in the offense and obstruction of justice. Our review is for plain error. <u>See</u> <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir. 2005).

Using only the amount of drugs for which Benjamin admitted responsibility, Benjamin's offense level would be 34. <u>See</u> USSG § 2D1.1(c)(3). Based on offense level 34 and criminal history category III, Benjamin's guideline range would have been 188-235 months' imprisonment. Because Benjamin's 360-month sentence exceeds the maximum authorized by the facts he admitted, we conclude that the district court committed plain error in sentencing Benjamin and that the error requires resentencing. <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005); <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).[2]

_____

[2]As we noted in <u>Hughes</u>, "We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Benjamin's sentencing. <u>United States v. Hughes</u>, 401

- 5 -

IV

We accordingly affirm Benjamin's conviction, vacate his sentence, and remand for resentencing.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

F.3d at 545 n.4.

[3]On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors identified in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) and then impose a sentence. Hughes, 401 F.3d at 546.  If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546.  The sentence must be "within the statutory prescribed range and . . . reasonable." Id. at 547.